UNITED STATES DISTRICT COURT
for the
Southern District of Texas
Houston Division

|  |  |
|---|---|
| DIONNE A. MONTAGUE ) | Case No. _____ |
| *Plaintiff* ) | Jury Trial:    [X] Yes [ ] No |
| -v- ) |  |
| LOUIS DEJOY, POSTMASTER ) GENERAL, UNITED STATES POSTAL ) SERVICE (SOUTHERN AREA) ) *Defendant* ) |  |

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

**I.    The Parties to This Complaint**

    **A.    The Plaintiff**

| Name | Dionne A. Montague |
|---|---|
| Street Address | 7710 Oak Moss Drive |
| City and County | Spring, Harris County |
| State and Zip Code | Texas  77379 |
| Telephone Number | (804) 512-7303 |
| Email Address | dionnemontague@yahoo.com |

    **B.    The Defendant**

| Name | Louis DeJoy, Postmaster General United States Postal Service |
|---|---|
| Street Address | 475 L'Enfant Plaza, S.W. |
| City and County | Washington, District of Columbia |
| State and Zip Code | Washington, DC 20260 |
| Telephone Number |  |
| Email Address |  |

    **C.    Place of Employment**

The address at which I was employed by the defendant is

Name    Headquarter Employee reporting to

1

|  |  |
|--|--|
|  | Southern Area Office – domiciled at Klein Station |
| Street Address | 7717 Louetta Road |
| City and County | Spring, Harris County |
| State and Zip | Texas 77379 |
| Telephone Number | (281) 257-3806 |

**II.     Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to

[X]     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 621 to 634.

**III.    Statement of Claim**

Plaintiff Dionne Montague was employed by the U.S. Postal Service Headquarters Division; however, reported to the Southern Area as a Communications Programs Specialist, EAS 23 level, and was domiciled in Spring, Texas at the Klein Station Office.  Montague handled Public Affairs and Employee communication for the Houston and Gulf Atlantic Districts of the U.S. Postal Service.  Montague was diagnosed with Juvenile Diabetes Mellitus in 1976 and after a number of years was subsequently diagnosed with the complication of Diabetic Neuropathy which adversely affected her ability to walk and stand for extended periods of time.  Montague was prescribed medication to manage the Diabetic Neuropathy during flare-ups and cannot safely drive an automobile for several hours after taking the medication.  Montague notified the U.S. Postal Service of her condition and asked for the accommodation to tele-commute from her home during the few hours per day when the side-affects of her medication prevented her from operating a motor vehicle safely.  Once the medication side-affects subsided each day, Montague proposed to drive herself to Klein Station, her assigned domiciled office, where she served in her position as the Communications Programs Specialist for the Houston and Gulf Atlantic Districts.  The Postal Service denied to accommodate Montague and did not seek to find alternate employment for Montague at the U.S. Postal Service.  Montague's employment

2

was constructively terminate after the Postal Service refused to accommodate Montague's disability.

    A.    The discriminatory conduct of which Plaintiff complains in this action includes:

        [X]    Failure to provide reasonable accommodations for Montague's disability.

    **B.**    In Plaintiff's best recollection the alleged discriminatory acts occurred on dates July 13, 2015 through July 14, 2017 with her constructive termination and subsequent forced disability retirement.

    C.    Defendant's discriminated against plaintiff are based on plaintiff's:

        **[X]**    disabilities - Diabetes Mellitus, Diabetic Neuropathy

    **D**.    The facts of plaintiff's case are as follows:

        1.    Dionne A. Montague, plaintiff, has the disability of Diabetes Mellitus, Diabetic Neuropathy.

        2.    Montague demonstrated that she was able to perform the essential functions of her position as Communications Programs Specialist with or without accommodations as she successfully performed those functions from 2008 to 2015 during which she received high performance ratings and received awards for outstanding service until the Postal Service refused to continue accommodating Montague's disability.

        3.    Montague's manager informally accommodated Montague's disability from June 2014 to November 2014 allowing Montague to tele-commute as needed for work.  The Postal Service sustained a cyber attack and temporarily suspended all tele-commuting.  After, the Postal Service recovered from the cyber attack, Montague formally requested tele-

        commuting accommodations.  After two rounds and 12 months of going through the formal accommodation review process, the U.S. Postal Service denied accommodation to Montague, stating the accommodation of tele-commute would cause an undue hardship on the Postal Service and Montague's inability to temporarily drive prohibited her from being able to perform the essential functions of her position.  Further, the Postal Service failed to seek alternative employment within the Postal Service.

4. Once Montague exhausted her sick leave, Montague was forced to file for disability retirement from Postal Service employment, after more than 30 years of service, which was a constructive termination.

5. The U.S. Postal Service bears liability for the failure to accommodate Montague's disability in that Postal Service management was involved in a protracted review of Montague's disability condition and her request for accommodation before summarily denying Montague accommodation.

## IV. Exhaustion of Federal Administrative Remedies

A. To plaintiff's best recollection, she filed a charge with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct on  June 22, 2016  .

B. The Equal Employment Opportunity Commission issued a decision against Montague without holding an evidentiary hearing.  Montague appealed the EEOC Administrative Law Judge decision to the EEOC Office of Federal Operations ("OFO").  On appeal, the OFO sustained the ALJ's decision against Montague on September 30, 2020. The OFO September 30, 2020 decision gives Montague the right to file a civil

action in the United States District Court on or before December 30, 2020 (i.e. 90 days from plaintiff's receipt of the OFO decision).

V.  **Relief**

Montague seeks the remedies of accommodation, reinstatement to employment with the Postal Service Southern Area to be domiciled in the Houston District in the position of Communications Programs Specialist, EAS 23, back pay to the date of plaintiff's last day in a pay status of her employment with the U.S. Postal Service, made whole of all lost benefits during this period, non-pecuniary damages to be determined, costs and attorney's fees from the filing of the EEOC complaint, through the OFO appeal and through the prosecution of this petition through this Court and the appeal of this Court's decision if necessary.

VI.  **Certification and Closing**

I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing:  _12/22/2020__

>   __/S/ McKen V. Carrington_____
>   McKen V. Carrington
>   SBN: 24034797
>   8803 Lady Laura Lane
>   Richmond, Texas 77469
>   mcarrington002@comcast.net
>   Telephone: (713) 806-6394
>   Facsimile:   (281) 343-9446
>   ATTORNEY FOR COMPLAINANT

5

DIONNE A. MONTAGUE