United States District Court
Southern District of Texas
**ENTERED**
January 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Dionne Montague, | § § | |
| Plaintiff, | § § | |
| versus | § § | Civil Action H-20-4329 |
| United States Postal Service, | § § | |
| Defendant. | § § | |

# Opinion on Summary Judgment

1. *Background.*

Dionne Montague worked for the United States Postal Service in Spring, Texas, as a communications programs specialist. She covered the Houston and Gulf Atlantic divisions.

Montague is a type-1 diabetic who suffers from diabetic neuropathy. She takes medicine for flare-ups that impedes her ability to drive for a few hours.

In June 2014, Montague requested and got an informal accommodation to work from home on an as-needed basis from her manager, Polly Gibbs.

In November 2014, the Service had a cyber intrusion, so it temporarily suspended all telework. Montague worked in the office during the suspension.

In July 2015, Montague formally requested an accommodation for her medicine use. The Accommodation Committee reviewed the request and the evidence and denied it for insufficient information about her condition. Montague appealed requesting an accommodation of teleworking for two to three hours a day until the effects of her medication subsided.

In June 2016, the Service denied her second request saying that her inability to drive impacted an essential function of her job and that her request was an undue hardship.

In July 2017, Montague retired.

On December 22, 2020, Montague sued the Service for disability discrimination.[1]

2. *Disability Discrimination.*

To succeed on her failure to accommodate claim, Montague must show that: (a) she has a qualified disability; (b) the disability and its limitation were known by the Service; and (c) the Service failed to make a reasonable accommodation.[2] An accommodation is reasonable if the Service does not suffer financial or administrative burdens.[3] The Service need not alter the essential functions of her job, reassign other employees, nor make a new position for an accommodation to be reasonable.[4]

A job's function is essential if it has more than a marginal relationship to it.[5] The two key factors in considering if a function is essential are the employer's judgment and the written job description.[6] Other factors include: (a) the time spent on the function; (b) the consequences of not doing it; (c) the work experience of past incumbents; and (d) the work experience of similar current incumbents.[7]

---

[1] Montague has improperly brought this claim under the Americans with Disabilities Act – which does not apply to federal government agencies. In light of the United States Supreme Court's decision in *Tracey Johnson v. City of Shelby*, the court will consider the claim under the Rehabilitation Act for the purposes of the summary judgment motion.

[2] *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020).

[3] *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011).

[4] *See Miller v. Metrocare Servs.*, 809 F.3d 827, 831 (5th Cir. 2016).

[5] *Chandler v. City of Dallas*, 2 F.3d 1385, 1393 (5th Cir. 1993).

[6] 42 U.S.C. § 12111(8).

[7] 29 C.F.R. § 1630.2.

Montague says that driving is not an essential function of her job because:

(a)  the written job description does not include driving or travel as a requirement;
(b)  she infrequently had to travel;
(c)  Montague and other specialists say that travel was infrequent;
(d)  current specialists have been teleworking full-time for the past 18 months; and
(e)  she was able to cover her non-Houston districts remotely full-time.

Montague insists that the Committee failed to consider evidence outside of Gibbs's testimony. She argues that the essential function is communication, and traveling is "one method of accomplishing" that function.

Montague contends that the Service never offered her a reasonable accommodation – having another person or taxi drive her to work. She claims this was impossible for her.

She also says that the Committee negligently reviewed her request because it did not "search[] for another position or reassignment opportunity."

Montague argues that her requested accommodation – teleworking as needed – would not be an undue hardship for the Service because she "successfully" teleworked before the cyber intrusion and the current specialists are teleworking.

As an initial matter, Montague's referring to the Reasonable Accommodation handbook is irrelevant. Handbooks do not impose legal duties on the Service – the law does. The handbook is not the law but rather a bureaucratic tool to assist the non-lawyers. Also, the affidavits of other specialists included by Montague are unpersuasive because they either were in the role before the cyber intrusion or assigned to a different district.

The crux of Montague's challenge to the essential function determination is that driving is not *the* essential function of her job. This misconstrues the standard. Driving need not be the sole essential function as long as it is an essential function of the job. The job description also does not need to list every requirement or essential function. Functions and roles evolve as circumstances change. Communication is an important part of her job, and the Service's determination that face-to-face communication is a vital and effective means of completing their mission is due deference from this court.

Montague's argument concerning the current work procedures is also unpersuasive. The COVID-19 pandemic forcing all office-based Service employees to work from home full-time is a drastic change in circumstance completely outside the scope of this case.

Montague otherwise does not give objective evidence to rebut her manager's contention that driving was essential. Her self-serving – and at times conclusory – assertions are not particularly probative to create a *genuine* dispute of fact.

Montague also does not give evidence to show why the Service's proposed accommodation would have been impossible for her. Merely stating financial hardship or impracticability is insufficient when it is her burden as the plaintiff to prove her case.

Montague's contention that her requested accommodation is not an undue hardship for the Service is empty. She was the only specialist assigned to the Houston and Gulf Atlantic district. If she was unable to travel, the Service would have to have another specialist – who is less knowledgeable of the local needs – travel to her district and incur all associated costs. This would also leave a gap in that other district which would be strapped if a last-minute assignment arose. The Service is also not obliged to reassign functions or create a new position to accommodate her.

Montague's failure to accommodate claim fails.

3. *Conclusion.*

Dionne Montague will take nothing from the United States Postal Service.

Signed on January 4, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge